# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 12, 2011

No. 10-41295
Summary Calendar

Lyle W. Cayce
Clerk

KENNEY LEE MATHESON,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:10-CV-159

Before HIGGINBOTHAM, GARZA, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kenney Lee Matheson, federal prisoner # 08281-003, appeals the dismissal of his 28 U.S.C. § 2241 petition challenging his 2002 convictions in the Southern District of Alabama for conspiracy to possess crack cocaine with the intent to distribute and for possessing a firearm during a drug-trafficking offense. In his petition, Matheson asserted that he was actually innocent of the conspiracy, that the evidence was insufficient to establish a conspiracy, that the search warrant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41295

in his case was based on false information, and that the prosecutor had knowingly used fabricated evidence.

As the district court determined, Matheson can proceed via § 2241 only if he shows that relief under 28 U.S.C. § 2255 is inadequate, which in turn requires him to demonstrate under the savings clause that his claim (i) is based on a retroactively applicable Supreme Court decision which established that he may have been convicted of a nonexistent offense and (ii) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Although he conclusionally states that he relies on a retroactively applicable Supreme Court case, Matheson does not cite any Supreme Court decision which is retroactively applicable and which establishes that he was convicted of a nonexistent offense, nor does he show that the claims were "foreclosed" by the Eleventh Circuit at the time of his trial, direct appeal, or first § 2255 motion. *See id.* To the extent that Matheson contends that the actual innocence and miscarriage of justice standards provide an exception to the requirement that a petitioner must qualify under the savings clause of § 2255 to challenge his conviction and sentence in a § 2241 petition, the claim fails as we have consistently held that federal habeas law does not recognize a freestanding actual innocence claim. *See Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006).

The district court's judgment is AFFIRMED.